ROYAL INSURANCE COMPANY OF
AMERICA, INC. Plaintiff-Appellant,

v.

M/V MANAURE V, her engines, furnishings, tackle, etc., In Rem; and Linea Manaure C.A., her owner, a foreign corporation or other business entity, Defendants,

Seguros Orinoco C.A., a foreign corporation or other business entity; the Steamship Mutual Underwriting Association [Bermuda], Ltd., a foreign corporation or other business entity, In Personam, Defendants-Appellees.

SERVICIOS INDUSTRIALES
WESTINGHOUSE, C.A.,
Plaintiff-Appellant,

v.

M/V MANAURE VI, her engines, tackle, furnishings, etc., In Rem; Linea Manaure C.A., a foreign corporation or other business entity; Defendants,

Seguros Orinoco C.A., a foreign corporation or other business entity; the Steamship Mutual Underwriting Association (Bermuda), Ltd., a foreign corporation or other business entity, In Personam, Defendants-Appellees.

ROYAL INSURANCE COMPANY OF
AMERICA, INC. Plaintiff-Appellant,

v.

M/V MANAURE VI, her engines, tackle, furnishings, etc., In Rem; Linea Manaure C.A., a foreign corporation or other business entity; Defendants,

Seguros Orinoco C.A., a foreign corporation or other business entity; the Steamship Mutual Underwriting Association (Bermuda), Ltd., a foreign corporation or other business entity, In Personam, Defendants-Appellees.

MAGGIE–PAUL, INC., a Florida
corporation, Plaintiff-Appellant,

v.

M/V MANAURE V, her engines, tackle, furnishings, etc., In Rem; M/V Manaure VI, her engines, tackle, furnishings, etc., In Rem; Linea Manaure C.A., a foreign corporation or other business entity; Defendants,

Seguros Orinoco C.A., a foreign corporation or other business entity; the Steamship Mutual Underwriting Association (Bermuda), Ltd., a foreign corporation or other business entity, In Personam, Defendants-Appellees.

CURACAO TRADING CO.,
Plaintiff-Appellant,

v.

M/V MANAURE VI, her engines, tackle, furnishings, etc., In Rem; Linea Manaure C.A., a foreign corporation or other business entity; Defendants,

Seguros Orinoco C.A., a foreign corporation or other business entity; the Steamship Mutual Underwriting Association (Bermuda), Ltd., a foreign corporation or other business entity, In Personam, Defendants-Appellees.

ROYAL INSURANCE COMPANY OF
AMERICA, Plaintiff-Appellant,

v.

M/V MANAURE VI, her engines, tackle, furnishings, etc., In Rem; Linea Manaure C.A., a foreign corporation or other business entity; Defendants,

Seguros Orinoco C.A., a foreign corporation or other business entity; the Steamship Mutual Underwriting Association (Bermuda), Ltd., a foreign corporation or other business entity, In Personam, Defendants-Appellees.

NEW HAMPSHIRE INSURANCE
COMPANY, a corporation
Plaintiff-Appellant,

v.

M/V BALDER DONA, her engines, tackle, furnishings, etc., In Rem; Dag Engstroms Rederi A/B, her owners, charterers, and/or operators; Linea Manaure C.A., Defendants,

Seguros Orinoco C.A., a foreign corporation or other business entity; the Steamship Mutual Underwriting Association (Bermuda), Ltd., a foreign cor-

poration or other business entity, In Personam, Defendants-Appellees.

Nos. 84-3779, 84-3781, 84-3783, 84-3784, 84-3785, 84-3845 and 84-3846.

United States Court of Appeals, Eleventh Circuit.

May 27, 1986.

Robert A. Craven, John B. Culp, Jr., Jacksonville, Fla., for plaintiff-appellant.

Carl R. Nelson, Fowler, White, Dewey R. Villareal, Jr., Tampa, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, TJO-FLAT, Circuit Judge, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

By our order on petition for rehearing in *Steelmet, Inc. v. Caribe Towing Corp.*, 779 F.2d 1485 (11th Cir., 1986) we held that for causes of actions arising before October 1, 1982 the law of Florida permitted a direct action against a maritime insurer.[1] In each of these cases the cause of action arose before October 1, 1982, and the district court dismissed each on the ground that no direct action could be brought. The judgments must be reversed.

In at least some of these cases the defendant asserted an alternative ground of dismissal based on a contention that it was a reinsurer and not subject to direct action as such. The district court did not reach this issue, and we decline to do so.

REVERSED.

1. In the same situation, and on the basis of *Steelmet*, we have reached the same result. *State Establishment for Agricultural Product*

*Trading v. M/V Wesermunde* (Unpub. opin., 11th Cir., 2/25/86).