790 F.2d 77
 ROYAL INSURANCE COMPANY OF AMERICA, INC. Plaintiff-Appellant,
v.
M/V MANAURE V, her engines, furnishings, tackle, etc., In
Rem; and Linea Manaure C.A., her owner, a foreign
corporation or other business entity, Defendants,
Seguros Orinoco C.A., a foreign corporation or other
business entity; the Steamship Mutual Underwriting
Association [Bermuda], Ltd., a foreign corporation or other
business entity, In Personam, Defendants-Appellees.
SERVICIOS INDUSTRIALES WESTINGHOUSE, C.A., Plaintiff-Appellant,
v.
M/V MANAURE VI, her engines, tackle, furnishings, etc., In
Rem; Linea Manaure C.A., a foreign corporation or
other business entity; Defendants,
Seguros Orinoco C.A., a foreign corporation or other
business entity; the Steamship Mutual Underwriting
Association (Bermuda), Ltd., a foreign corporation or other
business entity, In Personam, Defendants-Appellees.
ROYAL INSURANCE COMPANY OF AMERICA, INC. Plaintiff-Appellant,
v.
M/V MANAURE VI, her engines, tackle, furnishings, etc., In
Rem; Linea Manaure C.A., a foreign corporation or
other business entity; Defendants,
Seguros Orinoco C.A., a foreign corporation or other
business entity; the Steamship Mutual Underwriting
Association (Bermuda), Ltd., a foreign corporation or other
business entity, In Personam, Defendants-Appellees.
MAGGIE-PAUL, INC., a Florida corporation, Plaintiff-Appellant,
v.
M/V MANAURE V, her engines, tackle, furnishings, etc., In
Rem; M/V Manaure VI, her engines, tackle, furnishings,
etc., In Rem; Linea Manaure C.A., a foreign corporation or
other business entity; Defendants,
Seguros Orinoco C.A., a foreign corporation or other
business entity; the Steamship Mutual Underwriting
Association (Bermuda), Ltd., a foreign corporation or other
business entity, In Personam, Defendants-Appellees.
CURACAO TRADING CO., Plaintiff-Appellant,
v.
M/V MANAURE VI, her engines, tackle, furnishings, etc., In
Rem; Linea Manaure C.A., a foreign corporation or
other business entity; Defendants,
Seguros Orinoco C.A., a foreign corporation or other
business entity; the Steamship Mutual Underwriting
Association (Bermuda), Ltd., a foreign corporation or other
business entity, In Personam, Defendants-Appellees.
ROYAL INSURANCE COMPANY OF AMERICA, Plaintiff-Appellant,
v.
M/V MANAURE VI, her engines, tackle, furnishings, etc., In
Rem; Linea Manaure C.A., a foreign corporation or
other business entity; Defendants,
Seguros Orinoco C.A., a foreign corporation or other
business entity; the Steamship Mutual Underwriting
Association (Bermuda), Ltd., a foreign corporation or other
business entity, In Personam, Defendants-Appellees.
NEW HAMPSHIRE INSURANCE COMPANY, a corporation Plaintiff-Appellant,
v.
M/V BALDER DONA, her engines, tackle, furnishings, etc., In
Rem; Dag Engstroms Rederi A/B, her owners,
charterers, and/or operators; Linea
Manaure C.A., Defendants,
Seguros Orinoco C.A., a foreign corporation or other
business entity; the Steamship Mutual Underwriting
Association (Bermuda), Ltd., a foreign corporation or other
business entity, In Personam, Defendants-Appellees.
 Nos. 84-3779, 84-3781, 84-3783, 84-3784, 84-3785, 84-3845
and 84-3846.
 United States Court of Appeals,
Eleventh Circuit.
 May 27, 1986.
 
 Robert A. Craven, John B. Culp, Jr., Jacksonville, Fla., for plaintiff-appellant.
 Carl R. Nelson, Fowler, White, Dewey R. Villareal, Jr., Tampa, Fla., for defendants-appellees.
 On Appeal from the United States District Court For the Middle District of Florida; Susan H. Black, District Judge.
 Before GODBOLD, Chief Judge, TJOFLAT, Circuit Judge, and TUTTLE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 By our order on petition for rehearing in Steelmet, Inc. v. Caribe Towing Corp., 779 F.2d 1485 (11th Cir., 1986) we held that for causes of actions arising before October 1, 1982 the law of Florida permitted a direct action against a maritime insurer.[1] In each of these cases the cause of action arose before October 1, 1982, and the district court dismissed each on the ground that no direct action could be brought. The judgments must be reversed.
 
 
 2
 In at least some of these cases the defendant asserted an alternative ground of dismissal based on a contention that it was a reinsurer and not subject to direct action as such. The district court did not reach this issue, and we decline to do so.
 
 
 3
 REVERSED.
 
 
 
 [1]
 In the same situation, and on the basis of Steelmet, we have reached the same result. State Establishment for Agricultural Product Trading v. M/V Wesermunde (Unpub. opin., 11th Cir., 2/25/86)